wIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>vs.<br><br>ANDREW JUAREZ,<br><br>                Defendant. | 4:24CR3066<br><br><br>ORDER |

      A hearing was held today. During the hearing, Defendant moved to withdraw the motion to suppress, (Filing No. 38), and set a status conference. The Government did not object. The parties agreed to exclude the time pursuant to the Speedy Trial Act until the continued status conference as Defendant needs to consider and decide whether to enter a guilty plea or go to trial.  Based on the comments of counsel and Defendant, the court finds good cause has been shown and the oral motion should be granted. Accordingly,

      IT IS ORDERED:

1)     Defendant's oral motion to withdraw his motion to suppress, (Filing No. 38), is granted.

2)     A telephonic conference with counsel will be held before the undersigned magistrate judge at 9:45 a.m. on March 3, 2025 to discuss setting any change of plea hearing or the date of the jury trial. Counsel for the parties shall use the conferencing instructions provided by the court to participate in the call.

3)     In accordance with 18 U.S.C. § 3161(h)(7)(A), the court finds that the ends of justice will be served by granting this continuance and outweigh the interests of the public and the defendants in a speedy trial.  Any additional time arising as a result of the granting of this motion, that is, the time between today's date and March 3, 2025, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act.  Failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and, further, would deny Defendant reasonable time to obtain retained counsel, if desired. 18 U.S.C. § 3161(h)(7)(A) & (B)(iv). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

      Dated this 30th day of January, 2025.

                                                                   BY THE COURT:

                                                                   s/ Jacqueline M. DeLuca
                                                                   United States Magistrate Judge