IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | **4:24CR3066** |
| vs. | |
| ANDREW JUAREZ | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court for initial review of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (Filing No. 172) filed by Defendant Andrew Juarez,[1] as well as Defendant's Motion for Appointment of Counsel (Filing No. 173).  For the reasons explained below, the Court finds Defendant's § 2255 Motion is potentially cognizable on one issue and will order the Government to file a response as to that issue only.  Defendant's request for appointed counsel will be denied without prejudice to reassertion or for consideration after the Government submits its response.

## BACKGROUND

On August 20, 2024, Defendant was charged in a two-count indictment with conspiracy to distribute methamphetamine ("Count I") and possession of a firearm in furtherance of a drug

---

[1]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. Rule 4(b) states: "The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

trafficking crime ("Count II").  (Filing No. 1.)  Attorney Timothy Sullivan ("Mr. Sullivan") was appointed to represent Defendant.

On October 17, 2024, Mr. Sullivan filed a motion to suppress (Filing No. 38) on Defendant's behalf, asserting that evidence obtained against Defendant during a traffic stop was inadmissible because the traffic stopped was conducted without probable cause.  (Filing No. 39.) Mr. Sullivan argued that a traffic violation had not occurred to justify the stop.  (Filing No. 39.) A hearing on the motion to suppress was held before the Magistrate Judge on January 30, 2025. (Filing No. 52.)  At that time, Defendant moved to withdraw his motion to suppress.  (Filing No. 61.)  The Magistrate Judge granted Defendant's oral motion.  (Filing No. 61; Filing No. 62.)

On May 29, 2025, Mr. Sullivan moved to withdraw as Defendant's counsel, indicating that a conflict of interest had arisen between himself and Defendant, and that Mr. Sullivan could no longer represent Defendant "in an ethical fashion."  (Filing No. 99.)  Mr. Sullivan's motion to withdraw was granted (Filing No. 101), and attorney Guy Weinstein ("Mr. Weinstein") was appointed as Defendant's replacement counsel.  (Filing No. 103.)  On August 11, 2025, Mr. Weinstein filed a motion to withdraw, stating there had been a breakdown in attorney-client communication and that Defendant had requested that Mr. Weinstein withdraw.  (Filing No. 118.) A hearing was held before the Magistrate Judge pertaining to the motion to withdraw on August 15, 2025. (Filing No. 123.)  After some discussion, the motion was denied.  (Filing No. 123.)

On October 6, 2025, Defendant filed a petition to enter a plea of guilty.  (Filing No. 132.) Defendant also executed a plea agreement.  (Filing No. 133.)  In the plea agreement, Defendant agreed to plead guilty to Count I and Count II of the indictment.  (Filing No. 133.)  He also waived his right to appeal or contest his conviction and sentence in post-conviction proceedings, excluding claims for ineffective assistance of counsel.  (Filing No. 133.) At the change of plea hearing before the Magistrate Judge, Defendant testified that he understood that if his guilty plea were accepted, he would be waiving his right to challenge, contest, or object to any evidence that the Government had obtained against him.  (Filing No. 137.) Defendant also testified that he understood that by pleading guilty, he was giving up his right to appeal his conviction and sentence, except as provided in the plea agreement.  (Filing No. 137.)  Defendant stated he was satisfied with Mr. Weinstein's representation and did not have any complaints or objections concerning how Mr. Weinstein represented him.  (Filing No. 137.)

On January 8, 2026, Defendant was sentenced to a term of one hundred seventy months on Count I and a term of sixty months on Count II, to run consecutively. (Filing No. 149.) He was sentenced to a term of five years of supervised release as to Count I and a term of five years on Count II, to run concurrently. (Filing No. 149.) Defendant did not appeal his conviction or sentence. Defendant filed the instant § 2255 Motion on June 9, 2026. (Filing No. 172.)

**DISCUSSION**

**1. Request for Relief under § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may ask the sentencing court to "vacate, set aside or correct" a sentence upon a showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Here, Defendant argues he is entitled to relief under § 2255 on four grounds, all of which—if liberally construed—are claims relating to ineffective assistance of counsel. As listed in the § 2255 Motion, Defendant maintains counsel was ineffective by (1) failing to argue that the traffic stop was unlawfully prolonged without reasonable suspicion and that his SUV was searched without his consent, Mr. Sullivan "scared" him from pursuing the motion to suppress by telling him he would lose acceptance of responsibility points and receive more prison time if he pursued it;[2] (2) Mr. Weinstein refused to file a motion to suppress asserting the arguments outlined above, and counsel would not visit him or "do anything [he] asked of him;" (3) counsel would not allow him to view discovery, videos or audio after he requested to do so; and (4) he attempted to fire counsel and was not given his counsel of choice due to "government intrusion." (Filing No. 172.)

The Court evaluates claims of ineffective assistance of counsel brought pursuant to § 2255 using the standard set out in *Strictland v. Washington*, 466 U.S. 668 (1984). To prevail on an

---

[2] As to this point, Defendant's § 2255 Motion states that the basis for relief is a Fourth Amendment violation, and that he did not raise this issue on direct appeal because counsel was ineffective. (Filing No. 172.) Except for claims asserting ineffective assistance of counsel, a § 2255 petitioner "may not raise an issue before the district court for the first time in a § 2255 motion if the issue was not presented on direct appeal from the conviction." *Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012). Although Defendant's § 2255 Motion indicates the ground for relief is a Fourth Amendment violation, for purposes of this initial review, the Court will liberally construe this ground as asserting an ineffective assistance of counsel claim.

3

ineffective assistance of counsel claim under the *Strictland* test, Defendant must show that "his attorney's performance was so deficient as to fall outside the range of reasonable professional assistance." *Morelos v. United States*, 709 F.3d 1246, 1249-50 (8th Cir. 2013).  Defendant must also show that "he suffered such prejudice stemming from the deficient performance [that] there is a reasonable probability the proceeding would have had a different result." *Id*. at 1250. In the context of a guilty plea, the prejudice prong of *Strickland* requires Defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011).

Defendant maintains his attorneys were ineffective because they failed to argue or file a motion to suppress arguing that the traffic stop was unlawfully prolonged without reasonable suspicion and that Defendant's SUV was searched without his consent.  It is true that failure to file a motion to suppress can constitute ineffective assistance of counsel *if* the motion was meritorious and the failure to file resulted in prejudice.  See *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Based on its initial review of the § 2255 Motion and record, the Court cannot make this determination at this time.  Therefore, Defendant's § 2255 claim will be allowed to proceed on this issue—specifically—the issue of whether counsel was ineffective for failing to file a motion to suppress containing the suppression arguments delineated by Defendant in Ground One of his § 2255 Motion.  However, for the reasons explained below, the other Grounds for relief set out in Defendant's § 2255 Motion (including the other arguments listed under Ground One and Ground Two) are plainly not cognizable and require no response from the Government.

Under Ground One, Defendant also asserts Mr. Sullivan was ineffective because he "scared" Defendant out of pursuing the motion to suppress that Mr. Sullivan filed on his behalf. Defendant contends Mr. Sullivan told him the motion would not succeed and that Defendant would lose acceptance of responsibility points and receive more prison time if he continued to pursue the motion.  While it is possible that Mr. Sullivan advised Defendant that—in his professional judgment—it was in his best interest to withdraw the motion, this does not necessarily amount to ineffective assistance. This certainly could have been a sound legal strategy.  See *Anderson v. United States,* 762 F.3d 787, 794 (8th Cir. 2014) (stating that counsel was not ineffective for failing

4

to pursue suppression motion that he reasonably believed would be futile).  More important to this motion, however, is that the Magistrate Judge asked Defendant at the hearing on the motion to suppress if he wanted to withdraw the motion.  Defendant clearly stated that he did. There is no indication that Defendant was coerced into doing so. Therefore, Defendant is not entitled to relief under § 2255 based on the withdrawal of the motion to suppress.

Defendant also contends his counsel was ineffective because he would not "do anything [he] asked of him."  Defendant's generalized assertion that his attorney would not do what he wanted is insufficient to state an ineffective assistance of counsel claim.  Contrary to Defendant's belief, counsel was not obligated to do whatever Defendant wanted.  Counsel—not Defendant— had "the responsibility of making tactical decisions of trial strategy." *Thomas v. United States*, 737 F.3d 1202, 1207 (8th Cir. 2013).  *See also Rodriguez v. United States*, 17 F.3d 225 (8th Cir. 1994) ("[C]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance").

Defendant further claims Mr. Weinstein was ineffective because he did not visit him in jail or provide him with discovery.  At the hearing on Mr. Weinstein's motion to withdraw, Defendant indicated he did not want Mr. Weinstein to represent him because he was given a plea agreement that he did not find acceptable, had not met Mr. Weinstein in person, and Mr. Weinstein had not provided him with discovery.  (Filing No. 129.)  Mr. Weinstein acknowledged that he had not previously met with Defendant in person and had not given Defendant discovery because it primarily consisted of video evidence.  (Filing No. 129.) However, Mr. Weinstein informed the Court that he would do so and would continue to work with the Government to try to reach a plea agreement that Defendant deemed acceptable.  (Filing No. 129.)

The record reflects that Mr. Weinstein did later meet with Defendant in person. Mr. Weinstein visited Defendant to review the plea agreement and the petition to enter a guilty plea. (Filing No. 137.) Also, the record indicates that Defendant either accessed, or no longer wanted to access, the discovery materials.  Defendant stated in his petition to enter a guilty plea that there was no other information or advice he wanted before he entered a plea.  (Filing No. 132.) Moreover, Defendant testified at his change of plea hearing that he was satisfied with Mr. Weinstein's representation and did not have any complaints or objections concerning the way Mr. Weinstein represented him. (Filing No. 137.) These "representations during the plea-taking carry

a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). *See also United States v. Hayden*, No. 1:07-CR-68, 2013 WL 4026986, at *11 (N.D. Ind. Aug. 7, 2013) (rejecting an ineffective assistance claim because the defendant's allegations were "inconsistent with his sworn testimony at the change of plea hearing and his statements in the Plea Agreement itself"). It plainly appears from the record that Defendant is not entitled to relief under § 2255 based on his allegations that counsel did not visit him or provide him with discovery materials.

Lastly, Defendant complains counsel was ineffective because he was not given his counsel of choice due to "government intrusion." (Filing No. 172.) It is unclear what Defendant means by "government intrusion." What is clear, however, is that Defendant does not have the right to select his court-appointed counsel. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) ("[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them."). Plaintiff's assertion that he tried to fire his attorney and could not select his own counsel is not a basis for § 2255 relief.

## 2.  Motion to Appoint Counsel

An incarcerated individual seeking relief under § 2255 does not have a statutory or constitutional right to counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). In § 2255 proceedings, the appointment of counsel is generally only required if the Court holds an evidentiary hearing. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts. However, the Court may exercise its discretion and appoint counsel for a prisoner seeking habeas relief if the interests of justice warrant it. *Hoggard*, 29 F.3d at 471. "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Id*.

Here, it is unclear whether a hearing is needed to fully address Defendant's remaining ineffective assistance of counsel claim. Briefing has not yet occurred. The Court is also not convinced at this point that the interests of justice require the appointment of counsel. Therefore,

Defendant's request for counsel will be denied without prejudice to reassertion or consideration at a later date.[3]

Accordingly,

**IT IS ORDERED:**

1. Upon initial review, the Court preliminary determines that Defendant's claim that counsel was ineffective by not filing a motion to suppress arguing that the traffic stop was unlawfully prolonged without reasonable suspicion and that his SUV was searched without his consent is potentially cognizable.

2. On or before August 10, 2026, the Government shall file an answer or other response to Defendant's § 2255 Motion as to that claim.

3. On or before August 24, 2026, Defendant may file a reply brief;

4. Defendant's Motion for Appointment of Counsel (Filing No. 173) is denied without prejudice to reassertion or consideration after the Government submits its response.

5. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Defendant.

Dated this 10th day of July, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

---

[3] Defendant's motion to appoint counsel also asks the Court whether Amendment 821 of the U.S. Sentencing Guidelines applies to him. The Court cannot provide Defendant legal advice. However, the amendments went into effect on November 1, 2023 and Defendant was sentenced after this date. Therefore, anything Defendant qualified for under the 821 Amendments were applied.